UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-738-GCM
(3:03-cr-152-GCM-CH-1)

| BRIAN JESSE FREEMAN, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Respondent's Motion for Summary Judgment, (Doc. No. 9).

**I.     BACKGROUND**

Brian Jesse Freeman was indicted on August 26, 2003, and charged with two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). (Criminal Case No. 3:03cr152, Doc. No. 2: Indictment). A week after Petitioner was indicted, the Government filed an information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties based on Petitioner's prior conviction for a felony drug-trafficking offense. (Id., Doc. No. 5: 18 U.S.C. § 851: Information).

2

When Petitioner was arrested for the firearm offenses, he had previously been convicted in the Superior Court of Mecklenburg County, North Carolina, of possession with intent to sell marijuana and selling marijuana, Class H and I felonies, respectively, for which he received a sentence of eight to ten months based on his prior record level of II. Petitioner ultimately entered into a plea agreement with the Government, agreeing to plead guilty to one of the drug-trafficking offenses and the § 924(c) firearm offense, which guilty plea was accepted as knowing and voluntary. (Id., Doc. No. 24: Plea Agreement; Doc. No. 25: Entry and Acceptance of Guilty Plea).

In preparation for Petitioner's sentencing hearing, the probation office completed a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 25 and a criminal history category of IV, yielding an applicable Sentencing Guidelines range of imprisonment of between 84 and 105 months as to the drug-trafficking offense. The probation officer also noted that Petitioner faced a statutory mandatory minimum of 120 months in prison based on the Government's § 851 notice as to the drug-trafficking offense and a mandatory consecutive sentence of at least five years as to the § 924(c) firearm offense. On March 8, 2006, this Court sentenced Petitioner to 120 months in prison as to the drug-trafficking offense and to 60 months, to be served consecutively, as to the § 924(c) firearm offense. (Id., Doc. No. 33: Judgment). Petitioner did not appeal. On November 6, 2012, Petitioner filed the instant motion to vacate his sentence, arguing that, under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), none of his prior convictions qualified as predicate convictions for purposes of 21 U.S.C. § 851, because he could not have received a sentence of more than one year in prison for any of those convictions and that he was improperly sentenced, therefore, based on a mandatory minimum sentence that should not have applied. On May 8,

3

2013, Respondent filed a response in support of the motion to vacate. (Doc. No. 9).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because he did not appeal, Petitioner's conviction became final ten days after his conviction on March 8, 2006. Here, Petitioner's § 2255 motion, filed in 2012, was filed well more than one year after the judgment against him. Thus, the petition is untimely under § 2255(f)(1).[1] In light of Simmons, however, and as discussed infra, Respondent states that it is waiving the statute of limitations.

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison,

---

[1] Furthermore, none of the other provisions under Section 2255(f) applies to render the petition timely in this case.

overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Respondent notes that this Court enhanced Petitioner's sentence based on his prior conviction for possession with intent to sell or deliver marijuana under North Carolina General Statutes § 90-95, but that Petitioner could not have received more than one year in prison based on his conviction. Respondent states that since the conviction was not a qualifying one under Simmons, Petitioner received a higher mandatory, minimum sentence than he should have received. Respondent notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence.

Respondent asserts that, here, Petitioner's otherwise applicable Guidelines range was below the 120-month mandatory minimum to which he was sentenced as to his drug-trafficking offense. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 120 months, the 120-month mandatory minimum was a violation of the due process clause as established in Hicks. Respondent has, therefore, declined to assert a procedural bar so Petitioner may be resentenced without consideration of the 120-month mandatory minimum sentence applied by this Court in

sentencing Petitioner before Simmons was decided. In sum, because Respondent has expressly waived the one-year limitations period, and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim.[2] Petitioner shall be re-sentenced without application of the 120-month mandatory minimum.

IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate with regard to his Simmons claim. Petitioner shall be re-sentenced without application of the 120-month mandatory minimum.

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED** in part and **DENIED** in part;

(2) Petitioner shall be re-sentenced in accordance with this Order.

Signed: June 17, 2013

Graham C. Mullen
United States District Judge

---

[2] In asserting a due process violation under Hicks based on the application of a mandatory minimum sentence of 120 months, the Government has now reversed its prior position regarding the right to relief in Simmons cases in which a prior conviction resulted in an enhanced sentence. In prior cases, and consistent with footnote 2 in the Fourth Circuit's decision in United States v. Powell, the Government has previously asserted that as long as the sentence imposed was within the applicable statutory maximum sentence, a petitioner has no relief under § 2255. See Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012).